UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MCCREE,

        Petitioner,

                                   CASE NO. 06-CV-14204
v.                                HONORABLE GERALD E. ROSEN

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

Petitioner Mario McCree, a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder following a jury trial in the Wayne County Circuit Court and was sentenced to 25 to 50 years imprisonment in 2003. Petitioner's sole claim upon habeas review concerns the admission of evidence referring to his post-arrest silence. For the reasons stated herein, the petition for writ of habeas corpus is denied and dismissed with prejudice.

**II.    Background Facts**

Petitioner's conviction arises from the shooting death of Sherrill Dorsey in Detroit, Michigan on May 16, 2003. The Michigan Court of Appeals set forth the basic facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich.

1

2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Testimony at trial established that defendant and the victim had been gambling together in a crack house where defendant worked. Because defendant had lost money to the victim, he went to his residence to get more money. After retrieving the money, defendant returned to the crack house with his girlfriend and resumed gambling with the victim. At some point, defendant and the victim left in the victim's black Cadillac to purchase marijuana. The victim's black Cadillac was next seen by a security guard driving down a road near the plant he patrolled. The security guard later saw this same Cadillac up on the sidewalk and crashed into a fence with its motor still running. The security guard testified that he heard two shots as he drove past the Cadillac. When the security guard drove by another time, he observed a man slumped over in the front seat and saw defendant, who was wearing a black hooded sweatshirt, climb out of the car and leave the scene. The security guard also testified that defendant returned to the scene in different attire and retrieved the victim's wallet, which he handed to a bus driver who had stopped to assist, and a cell phone.
>
> The victim was found dead from gunshot wounds in the front seat of the Cadillac. He had been shot four times. In addition, forensic testimony suggested that the shots had been fired from inside the victim's car. One of the gunshot wounds was to the back of the victim's neck and was level to his head.
>
> Defendant's girlfriend testified that when defendant returned home after leaving with the victim, he was not wearing the black hooded sweatshirt that he had been wearing when he left earlier in the day. She also testified that defendant asked her to lie to the police about his whereabouts on the day of the murder and asked her to dispose of a sweater that he had been wearing. She also stated that defendant initially told her that he had been involved in a shootout. Finally, defendant's girlfriend stated that, after defendant found out she had been talking with the police, he told her that he should have killed her.

*People v. McCree*, 2005 WL 473911, *2 (Mich. Ct. App. March 1, 2005) (unpublished).

### III.  Procedural History

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising several claims including the present habeas claim. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence. *People v. McCree*, 2005 WL 473911 (Mich. Ct. App. March 1, 2005) (unpublished). Petitioner filed an application

for leave to appeal with the Michigan Supreme Court, which was denied. *People v. McCree*, 474 Mich. 872, 703 N.W.2d 813 (2005).

Petitioner thereafter filed his federal habeas petition and supporting brief asserting that the Michigan Court of Appeals erred in ruling that the admission of evidence regarding his post-arrest silence did not deny him a fair trial. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

**IV.  Analysis**

    **A.  Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and

nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, §2254(e)(1) requires that a federal habeas court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.     Habeas Claim**

Petitioner asserts that he is entitled to habeas relief because the admission of evidence regarding his post-arrest silence denied him a fair trial. The Fifth Amendment provides, in part, that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The United States Supreme Court has stated that "it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that [the defendant] stood mute or claimed his privilege in the face of accusation." *Miranda v. Arizona*, 384 U.S. 436, 468 n. 37 (1966). Consistent with *Miranda*, prosecutors may not comment on a defendant's post-arrest silence in their case in chief, on cross-examination, or in closing arguments. *See Doyle v. Ohio*, 426 U.S. 610, 619-20 (1976); *United States v. Tarwater*, 308 F.3d 494, 511 (6th Cir. 2002).

In this case, the Michigan Court of Appeals ruled that the trial court did not err in admitting evidence of Petitioner's post-arrest silence for the limited purpose of rebutting Petitioner's claim that he tried to cooperate with police and tell them his version of events that another person committed the crime. The court explained:

> Generally, testimony concerning a defendant's post-arrest, post-*Miranda* warning silence is inadmissible. *People v. Crump*, 216 Mich App 210, 214; 549 NW2d 36 (1996). However, testimony regarding a defendant's silence may be properly admitted for a reason other than to contradict a defendant's assertion of

5

> innocence. *Id*. Such evidence may be admitted to rebut an implied assertion that
> the police did not afford defendant an opportunity to present his side of the story,
> *id*. at 215, or to rebut testimony by defendant that he cooperated fully with the
> police. *People v. Vanover*, 200 Mich App 498, 503; 505 NW2d 21 (1993).
>
> In this case, defendant was asked on direct examination whether he had spoken
> to Sergeant Stevenson regarding what he knew and answered "yes." His counsel
> then asked him if he lied to her by asserting that he did not know anything or that
> he did not know Zoe (the person defendant implicated in the murder). To this
> defendant replied, "No, I didn't." He then testified that he wanted to talk to her
> but was scared. This testimony implied that defendant tried to cooperate with the
> police. The prosecutor attacked the credibility of these statements by eliciting an
> admission from defendant that he did not tell Stevenson about Zoe after his arrest
> and by recalling Stevenson to testify that defendant never told her about Zoe
> before his arrest. This testimony was properly responsive to defendant's claim
> that he had told Stevenson about Zoe and his implied assertion that he had
> attempted to cooperate with the police. Consequently, the trial court did not err
> by permitting the admission of this evidence for the limited purpose of rebutting
> defendant's claim that he tried to cooperate with the police and tell them his
> version of the events. *Crump, supra; Vanover, supra*.

*McCree*, 2005 WL 473911 at *1.

Having reviewed the matter, this Court concludes that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of well-established federal law or the facts. While a prosecutor may not ordinarily comment on a defendant's post-arrest silence, a prosecutor may use the fact of post-arrest silence to contradict a defendant who testifies to an exculpatory version of events and claims to have told the police the same version upon arrest. In such a situation, the fact of the earlier silence is not being used to impeach the defendant's exculpatory story, but to challenge the defendant's testimony as to his behavior following his arrest. *See Doyle*, 426 U.S. at 619 n. 11. The prohibition against reference to post-arrest silence does not allow the defendant to "freely and falsely create the impression that he has cooperated with police when, in fact, he has not." *Earnest v. Dorsey*, 87 F.3d 1123, 1135 (10th Cir. 1996) (quoting *United States v. Fairchild*, 505 F. 2d 1378, 1383 (5th

6

Cir. 1975)). Reference to post-arrest silence is permissible for rebuttal purposes when a defendant implies that he cooperated with the police or implies that he gave the police an exculpatory statement. *Id.*

Here, Petitioner testified at trial and implicated a person named Zoe in the murder. He also said that he spoke to police regarding what he knew about the incident. Petitioner denied telling the police that he did not know anything and did not know Zoe. He also testified that he wanted to talk to the police, but was scared. The prosecutor responded by eliciting testimony from Petitioner and from a police officer which indicated that Petitioner did not tell the police about Zoe. Such evidence, while referring to Petitioner's post-arrest silence, was admissible to rebut Petitioner's assertions that he tried to cooperate with police and provide exculpatory information. *See, e.g., United States v. Butler*, 924 F.2d 1124, 1129 (D.C. Cir. 1991) (prosecutor's references to defendant's silence were permissible to rebut defendant's claim that he had no opportunity to explain his circumstances to police); *United States v. Maverick*, 601 F.2d 921, 932-33 (7th Cir. 1979) (same). Moreover, the prosecution did not argue Petitioner's post-arrest silence as substantive evidence of guilt. Petitioner has not shown that the trial court's admission of the disputed evidence violated his constitutional rights or deprived him of a fair trial. Habeas relief is not warranted.

**V.     Conclusion**

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claim presented in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: December 18, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 18, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager