UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MCCREE,

        Petitioner,

                                            CASE NO. 06-CV-14204
v.                                       HONORABLE GERALD E. ROSEN

SHIRLEE HARRY,

        Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DENYING LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner has filed a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis* concerning the Court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. *See* 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537

1

U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Petitioner's habeas claim concerns the admission of evidence referring to his post-arrest silence. While such evidence is normally not admissible, *see Doyle v. Ohio*, 426 U.S. 610, 619-20 (1976), the state trial court did not err in admitting evidence of Petitioner's post-arrest silence for the limited purpose of rebutting Petitioner's claim that he tried to cooperate with police and tell them his version of events that another person committed the crime. Moreover, the prosecution did not argue Petitioner's silence as substantive evidence of guilt. Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claim.

Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner's motion for leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                                s/Gerald E. Rosen
                                                **Gerald E. Rosen**
                                                **United States District Judge**

**Dated: January 30, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 30, 2008, by electronic and/or ordinary mail.**

                                                s/LaShawn R. Saulsberry
                                                **Case Manager**